UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SUSAN B. LANDRUM

CIVIL ACTION

VERSUS

NUMBER 12-431-SCR

ROBERT RHOM HUTCHINSON, ET AL.

## RULING ON MOTION TO DISMISS

Before the court is a Motion to Dismiss filed by defendants Jodi Lee Hutchinson Williamson, Jondalyn Kismet Hutchinson Whitis, Robert Rhom Hutchinson, and Howard Coyt Hutchinson. Record document number 6. The motion is opposed.[1]

For the reasons which follow, the defendants' Motion to Dismiss is granted.

### Background

Plaintiff filed a Complaint seeking possession of certain movable property from the succession of her mother, Wilda Barnett Hutchinson ("Mrs. Hutchinson"). The property at issue includes an antique breakfront cabinet and sixteen pieces of artwork. Plaintiff alleged that the property was a gift to her mother from her mother's second husband, Harry Cooper Hutchinson, Jr. ("Mr. Hutchinson"), who predeceased her mother. Plaintiff alleged that when her mother passed away the plaintiff became the rightful heir of the property because it was part of her mother's separate

---

[1] Record document number 12. Defendants filed a reply memorandum. Record document number 16.

property.

Defendants are the heirs of Mr. Hutchinson who claim that Mrs. Hutchinson only had usufruct over the property at issue and did not own it.  Thus, upon her death the property reverted to them as the heirs of Mr. Hutchinson's succession.

Defendants moved to dismiss the case arguing that subject matter jurisdiction under 28 U.S.C. § 1332 does not exist. Specifically, the defendants argued the plaintiff's complaint failed to allege damages in excess of the jurisdictional amount of $75,000.  In the alternative, the defendants argued that abstention is warranted.

**Applicable Law**

**Rule 12(b)(1) Lack of Subject Matter Jurisdiction**

Under Rule 12(b)(1) Fed.R.Civ.P., a party may move to dismiss a complaint for lack of subject matter jurisdiction.  The party asserting jurisdiction has the burden of proving by a preponderance of the evidence that the court has jurisdiction based on the complaint and evidence. *Ballew v. Continental Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012), *citing*, *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir.1981).  "A court may base its disposition of a motion to dismiss for lack of subject matter jurisdiction on the complaint alone, the complaint supplemented by undisputed facts, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ballew*, 668 F.3d at 781, citing, *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.

2001).  Whatever the manner of proof, the facts that support jurisdiction must be judged at the time the complaint is filed. *St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1252–53 (5th Cir. 1998).

### Abuse of Process

The essential elements of a cause of action for abuse of process are (1) the existence of an ulterior purpose; and (2) a wilful act in the use of the process not in the regular prosecution of the proceeding.  *Duboue v. City of New Orleans*, 909 F.2d 129, 132 (5th Cir. 1990) (citations omitted); *Waguespack, Seago and Carmichael (A PLC) v. Lincoln*, 768 So.2d 287, 290-1, 1999-2016 (La.App. 1 Cir. 9/22/00).  Abuse involves misuse of process already legally issued whereby a party attempts to obtain some result not proper under law.  *Duboue*, 909 F.2d at 132, *citing*, *Succession of Cutrer v. Curtis*, 341 So.2d 1209 (La.App. 1st Cir. 1976).

### Analysis

### Jurisdictional Amount Has Not Been Established

Because it is not facially apparent from the allegations in the Complaint that the plaintiff's claim exceeds $75,000, the plaintiff must demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000.  To establish this, the plaintiff relied on a revised expert report estimating the value of the breakfront cabinet at $50,000.00 and one painting by an artist

named Rossi at $10,000.00.[2]  The report also estimated $3,000 in shipping costs to have the cabinet returned to the plaintiff.  The maximum net value of these two items, including shipping, is $63,000.  Plaintiff argued that the remainder of the jurisdictional amount is satisfied by her mental anguish damages and at least $18,000 in attorneys' fees recoverable under her abuse of process claim.[3]

Even assuming the estimated values provided by the plaintiff's expert are accurate,[4] the plaintiff still has not shown by a preponderance of the evidence that she can recover in excess of $12,000.00 on her remaining claims.

With respect to the plaintiff's abuse of process claim, the plaintiff's Complaint fails to allege facts that could support recovery under Louisiana law.  Plaintiff's abuse of process claim is based on the claim filed by the defendants against Mrs. Hutchinson's succession, through its executrix, to obtain a declaration of ownership and possession of the property at issue,

---

[2] Record document number 12, Exhibits P-10, P-10A, P-10B, and P-10C.

[3] Record document number 1, Complaint, ¶ 49.  The complaint does not assert mental anguish damages but the plaintiff does seek damages for loss of use and enjoyment.  See, ¶ 51.  For purposes of this ruling, these damages will be considered as equivalent.

[4] Defendants offered evidence to show that the value of the cabinet and paintings is far less than $75,000.  Record document number 6-3, Exhibits 1 - 1(C); record document number 16-1, Exhibits 6 - 6(D).  If this were a motion for summary judgment, the plaintiff would fail to show that there is no genuine that the value of the cabinet and paintings is more than $75,000.

and then failing to join the plaintiff as a party in that proceeding. Plaintiff alleged that prior to the hearing on the defendants' claim, the executrix donated the property at issue to the plaintiff. Plaintiff alleged that the state district court judge and the defendants wrongly proceeded with a hearing on the defendants' claim after they were informed that the executrix was no longer the proper party and that the defendants' claim should be adjudicated against the plaintiff. The property at issue was awarded to the defendants despite the failure to join the plaintiff to the claim.

Plaintiff's abuse of process claim fails as a matter of law because she did not alleged any facts in her Complaint which, if true, establish that the defendants' acted with an ulterior purpose. Plaintiff's reliance on the defendants' decision to proceeded with the hearing despite their knowledge of potential procedural problems with a ruling from the state court is misplaced. While the state court ruling was later reversed on appeal for failing to join the plaintiff as a party, this does not establish an ulterior purpose. Defendants' only alleged objective for their claim in the succession was to obtain ownership and possession of the property at issue, and this was plainly the purpose of the state court hearing. The Complaint is devoid of allegations that the defendants attempted to obtain a different result, i.e. that they had some different purpose which was improper under the law. Because the plaintiff cannot prevail on

her abuse of process claim under Louisiana law, attorneys' fees cannot be included in the amount in controversy.

Although the plaintiff alleged she suffered mental anguish, she neither alleged nor provided any factual basis to suggest that such damages could exceed $12,000.00. Defendants' valuations of the remaining items identified in the plaintiff's Complaint were nominal and uncontested by the plaintiff, and collectively cannot provide the remainder of the necessary amount in controversy.

## Conclusion

Plaintiff has not shown by a preponderance of the evidence that the amount in controversy required for diversity jurisdiction is present. Because the court lacks subject matter jurisdiction over the plaintiff's claims, the defendants' arguments concerning abstention do not need to be addressed.

Accordingly, the Motion to Dismiss filed by defendants Jodi Lee Hutchinson Williamson, Jondalyn Kismet Hutchinson Whitis, Robert Rhom Hutchinson, and Howard Coyt Hutchinson is granted.

Baton Rouge, Louisiana, January 22, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE